LOURIE, Circuit Judge.

ORDER

The United States moves to dismiss George G. Hardie et al.’s appeal from the order of the Court of Federal Claims for lack of jurisdiction. Hardie opposes. The United States replies.
Hardie sued the United States for breach of contract and a compensable taking in the United States Court of Federal Claims. Thereafter, Hardie filed a demand for arbitration, invoking an arbitration clause in the contract. The United States moved to enjoin Hardie’s attempt to seek arbitration. The Court of Federal Claims denied both the United States’ motion and Hardie’s motion to stay the trial court proceedings pending arbitration. The United States appealed the Court of Federal Claims order. This court dismissed the appeal for lack of jurisdiction, citing 9 U.S.C. § 16(b)(4) (prohibiting an appeal “taken from an interlocutory order refusing to enjoin an arbitration that is subject to this title.” Hardie v. United States, 367 F.3d 1288 (Fed.Cir.2004).
The arbitrators issued a $93 million award in favor of Hardie. The government did not participate in the arbitration proceeding. Hardie filed motions in the Court of Federal Claims asking, essentially, that the Court of Federal Claims confirm the arbitration award and seeking prejudgment interest. The government opposed the motions and commenced an action in the United States District Court for the Central District of California to vacate the arbitration award. The Court of Federal Claims denied Hardie’s motion to confirm the award on the ground that it did not have jurisdiction to entertain motions to confirm arbitration awards. The Court of Federal Claims stated that Hardie should file its motion in the district court and stayed the proceedings in the Court of Federal Claims. Hardie appealed the order denying its motion to confirm the arbitration award on jurisdictional grounds.
The United States argues that Hardie’s appeal is interlocutory and not otherwise permitted by 9 U.S.C. § 16(a)(1)(D). That provision of the Federal Arbitration Act (FAA) allows an appeal of an order “confirming or denying confirmation of an award.” On its face, the provision would appear to allow Hardie to appeal. However, the United States argues that the provision only allows an appeal when the trial court denies confirmation of the award on the merits and not when the trial court determines that it does not have jurisdiction. We need not address this issue because we determine that we lack jurisdiction for a different reason, i.e., that the FAA does not allow an appeal from an interlocutory order of the Court of Federal Claims denying a party’s request to confirm an arbitration award.
We start with the notion that interlocutory orders are not ordinarily immediately appealable. The FAA nonetheless grants federal courts of appeals jurisdiction over certain trial court orders concerning arbitration and precludes the exercise of appellate jurisdiction over other orders. Thus, the FAA allows a party to seek relief to confirm an award in the court specified in the agreement that included the arbitration provision or, if no court is specified in the agreement, in the appropriate United States District Court. 9 U.S.C. § 9. Hardie does not argue that the *436 agreement specified that the Court of Federal Claims could confirm any arbitration award under its terms. Indeed, that is unlikely, given that the agreement here was initially between two private parties. Thus, under the FAA, in the Federal court system only the appropriate United States District Court could have jurisdiction over the motion or action to confirm an arbitration award. From a district court’s ruling over a motion or action to confirm the award, the FAA allows an appeal to a United States Court of Appeals from the otherwise interlocutory district court order denying the motion to confirm the arbitration award.
Because this is not an appeal from a district court order denying a motion to, confirm an arbitration award, the provision of the FAA that allows appeals from such interlocutory orders does not apply.* Thus, the order is not appealable. Finally, Hardie does not argue that the order is appealable under the collateral order doctrine. See Richardson-Merrell, Inc. v. Koller, 472 U.S. 424, 431, 105 S.Ct. 2757, 86 L.Ed.2d 340 (1985) (to be an appealable collateral order, the order must “ ‘conclusively determine the disputed question,’ ‘resolve an important issue completely separate from the merits of the action,’ and ‘be effectively unreviewable on appeal from a final judgment.’ ”) (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). Here, the order would not be effectively unreviewable on appeal from a final judgment.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to dismiss is granted.
(2) Each side shall bear its own costs.

 We did not, in our earlier decision, reach the issue whether the FAA applied to this case because the Court of Federal Claims did not have jurisdiction under the FAA. In Hardie v. United States, 367 F.3d 1288, 1290-91 (Fed. Cir.2004), we only rejected the United States’ argument that, because the United States asserted it was not bound to arbitrate, the FAA was not applicable.