NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009- 5070

ROMEO K. ABOO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Romeo K. Aboo</u>, of Miami, Florida, pro se.

<u>Scott A. MacGriff</u>, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were <u>Tony West</u>, Assistant Attorney General, <u>Jeanne E. Davidson</u>, Director, and <u>Patricia M. McCarthy</u>, Assistant Director.

Appealed from: United States Court of Federal Claims

Judge Charles F. Lettow

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-5070

ROMEO K. ABOO,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

Appeal from the United States Court of Federal Claims in 08-CV-546,
Judge Charles F. Lettow.

_____

DECIDED: October 6, 2009

_____

Before MAYER, RADER, and MOORE, <u>Circuit Judges</u>.

PER CURIAM.

Romeo Aboo appeals the judgment of the United States Court of Federal Claims which dismissed after summary judgment his claims for monetary relief for breach of contract when the government failed to award him $750,000 plus expenses arising out of certain work as an informant in a criminal investigation. <u>Aboo v. United States</u>, 86 Fed. Cl. 618 (2009). Because the court correctly determined that Aboo had no contract with the United States, express or implied, and was not under duress when he signed a release to receive an award, we <u>affirm</u>.

Beginning in 2000, Aboo was a registered cooperating witness in an FBI investigation. On December 4, 2000, he was given a set of admonishments specifying that he was not guaranteed any compensation for the information he provided, and while the government would strive to protect his identity, it could not guarantee that it would not be divulged. In March 2001, he provided FBI Special Agents Potter and Schumaker with confidential information about the criminal activities of Khaldon Esawi, Taher Yousef, and others, alleging that their collective employer was a shell company involved in criminal activities such as money laundering and drug-running. The FBI alerted both the Internal Revenue Service ("IRS") and the Drug Enforcement Administration ("DEA"). After the attacks of September 11, 2001, the FBI determined that the Esawi investigation would be better handled by the DEA and ceased work on the case. Aboo's role was then transferred to the IRS where he was registered again as a cooperating witness and given the same admonishments. At some point, the government became concerned for Aboo's safety and placed him in a safe house. While there, he informed IRS Special Agent Maria Suarez, with whom he had been working, that he desired to relocate to South Carolina. However, he failed to provide her an estimated cost of his moving expenses for approval. He ceased working with Suarez by June 18, 2002.

Aboo repeatedly sought a reward for his involvement from Suarez and Schumaker. However, the IRS refused to reward him because it had not issued tax charges in the Esawi case. It referred him to the DEA. The DEA authorized Aboo a discretionary award in the amount of $200,000 pursuant to 28 U.S.C. § 524(c)(1)(B), subject to his signing an agreement unconditionally releasing and holding harmless the

United States and its agencies from any claims and lawsuits. Though he balked at the size of the award, he signed the release and received the check.

On July 29, 2008, he filed a complaint in the U.S. Court of Federal Claims. Without an express contract, he charged that the United States breached an implied-in-fact contract for $750,000 in exchange for his work as an informant, plus relocation expenses. He also alleged that the government breached its agreement to keep his name confidential.

A contract with the government is implied-in-fact when evidence is produced that shows 1) mutuality of intent to contract, 2) consideration, 3) lack of ambiguity in the offer and acceptance, and 4) the government representative whose conduct is relied upon had actual authority to bind the government. El Centro v. United States, 922 F.2d 816, 820 (Fed. Cir. 1990). Because the United States enjoys sovereign immunity from suit except where it has expressly waived immunity, the fourth requirement is especially important to recover any damages. Aboo has not presented evidence that any of the agents of the United States with whom he was in contact had actual authority. However, as the government notes, by statute only the Attorney General of the United States or his delegate has the discretion to make an award pursuant to 28 U.S.C. 524(c)(1)(B). 28 U.S.C. § 524(c)(2). Furthermore, authority to disburse an award in the amount Aboo seeks, being greater than or equal to $250,000, may not be delegated to anyone other than the Deputy Attorney General, Associate Attorney General, Director of the FBI, or the Administrator of the DEA, and no award greater than $500,000 may be issued at all. Id. Therefore, we agree with the trial court that no issues of material fact remain concerning the existence of an implied-in-fact contract because Aboo was not in

contact with any agent of the United States with the authority to bind the government to contract.

The judgment of the Court of Federal Claims may also be affirmed on the ground that Aboo waived any right to sue the United States when he agreed to "unconditionally release and hold harmless the United States . . . from any claims, demands, causes of action or lawsuits, of whatever kind or description . . . that might now exist or hereafter exist by reason of or grow[ing] out of, directly or indirectly, the assistance provided" in the Esawi case in return for the discretionary award of $200,000. Aboo claims that this agreement is unenforceable because it was signed under duress.

Duress occurs when a party involuntarily accepts another party's terms because the circumstances permitted no alternative, and such circumstances were the result of the other party's coercive acts. Aboo claimed that he had no choice but to sign due to his financial situation. However, he has provided no evidence that his hardship was caused by the government and amounted to a coercive act. Therefore, he has not presented a colorable claim of duress. No issues of material fact impede the enforceability of his contract not to sue.