# In the United States Court of Federal Claims

No. 12-478C

(Filed: January 14, 2013)

(**NOT TO BE PUBLISHED**)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |
|---|---|
| **TOMMY LEE STEVENS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **UNITED STATES,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Tommy Lee Stevens, *pro se*, Mount Olive, North Carolina.

Gregg Paris Yates, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant. With him on the briefs were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Reginald T. Blades, Jr., Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

## OPINION AND ORDER

LETTOW, Judge.

Plaintiff, Tommy Lee Stevens, requests monetary damages of $25,000,000 for alleged physical injuries. Pending before the court is the government's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC").

# BACKGROUND[1]

Mr. Stevens' claim arises from a surgical procedure that he underwent in November 1994 at Wake Medical Hospital in Raleigh, North Carolina. Compl. at 1.[2] He alleges that the government, working in concert with state agencies, caused a transceiver to be implanted in him during the surgery. *See id.*; Pl.'s Resp. to Def.'s Reply in Support of its Mot. to Dismiss ("Pl.'s Sur-Reply") at 9-10. He avers that he was diagnosed as schizophrenic in the late 1990s "because [he] could not explain the problems [he] was having," which he claims were actually caused by the implantation of the transceiver. Compl. at 3. Mr. Stevens states that the transceiver was implanted as part of a government research program. *See id* at 2.[3] He asserts that the harm caused by the implantation of the transceiver has caused him to suffer from "an extreme form of depression." *Id.* He also contends that the transceiver is a "device in [him] that is being used as a biological weapon and can be used to destroy property, [and] can[,] and is[,] causing several illnesses due to [the transceiver] controlling the functioning of [bodily] organs." *Id.* at 5.

Mr. Stevens claims that the government, because of its involvement with the implantation, violated 45 C.F.R. § 46.116, which establishes informed-consent requirements for government-funded research using human subjects. Compl. at 1. He also cites a notice published by the United States Department of Health and Human Services in the Federal Register to support his claim that he has a right to make contact with his Congressperson regarding his injury. *See* Compl. at 5-7 (referring to 66 Fed. Reg. 18938-02 (Apr. 12, 2001)); *see also* Def.'s Mot. to Dismiss at 5-6. He further maintains that the government has breached an implied contract with him by refusing to compensate him for harms caused as a result of the implantation. Pl.'s Sur-Reply at 6. He filed suit in this court on July 27, 2012.

The government has moved to dismiss, contending that the court does not possess subject matter jurisdiction over Mr. Stevens' claims. Def.'s Mot. to Dismiss ("Def.'s Mot.") at 1. It argues that the court does not possess subject matter jurisdiction because (1) Mr. Stevens has not identified a money-mandating statute or regulation that supports his claims; (2) he ultimately seeks relief for a tort, and torts are expressly excluded from the Tucker Act's grant of jurisdiction; (3) he asks for an order allowing him to petition Congress and that is relief that this court is not empowered to grant; and (4) his claim is barred by the six-year statute of limitations for bringing suit in this court under the Tucker Act, 28 U.S.C. § 2501. *See* Def.'s Mot. at 5-6; Def.'s Reply in Support of its Mot. to Dismiss ("Def.'s Reply") at 1-2.

---

[1]This statement of the circumstances relating to Mr. Stevens' claim is taken from the complaint and the parties' briefs related to the government's motion to dismiss.

[2]The pages of Mr. Stevens' complaint are not numbered. The court will treat the pages of the complaint as well as its attachments as having been numbered sequentially.

[3]Mr. Stevens has filed other suits in the Court of Federal Claims collaterally related to these allegations, each of which was dismissed for lack of jurisdiction. *See*, *e.g.*, *Stevens v. United States*, No. 10-509C, 2011 WL 1883010 (Fed. Cl. May 17, 2011); *Stevens v. United States*, No. 09-338C, 2009 WL 3650874 (Fed. Cl. Oct. 28, 2009).

**ANALYSIS**

*Standards for Decision*

"[A] 'court must satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1241 (Fed. Cir. 2002) (citing *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 115 F.3d 962, 963 (Fed. Cir. 1997))).  In considering a motion to dismiss for lack of subject matter jurisdiction, the court will "normally consider the facts alleged in the complaint to be true and correct."  *Reynolds v. Army & Air Force Exch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Air Prod. & Chems., Inc. v. Reichhold Chems., Inc.*, 755 F.2d 1559, 1562 n.4 (Fed. Cir. 1985)).  When the court's subject matter jurisdiction has been called into question by a motion filed under RCFC 12(b)(1), however, the burden of establishing the court's jurisdiction resides with the party seeking to invoke it, *McNutt v. General Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936), and this burden is not satisfied until proven by a preponderance of the evidence, *Reynolds*, 846 F.2d at 748 (citing *Zunamon v. Brown*, 418 F.2d 883, 886 (8th Cir. 1969) (quoting *McNutt*, 298 U.S. at 189)).

*Subject Matter Jurisdiction*

*A.  Money-Mandating Statute or Regulation*

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department."  28 U.S.C. § 1491(a)(1).  The Tucker Act does not create a substantive right to relief, nor is it, by itself, sufficient to confer jurisdiction on this court.  *See United States v. Testan*, 424 U.S. 392, 398 (1976); *Martinez v. United States*, 333 F.3d 1295, 1302-03 (Fed. Cir. 2003) (en banc).  Rather, "[a] substantive right must be found in some other source of law."  *United States v. Mitchell*, 463 U.S. 206, 216 (1983).  Thus, the Tucker Act essentially acts to waive the government's sovereign immunity with respect to claims deriving from a money-mandating source of law.  *Id.*  Accordingly, to establish that this court has subject matter jurisdiction under the Tucker Act, the plaintiff must first point to an independent, substantive source of law that may be interpreted as mandating payment from the United States for the injury suffered, and upon successfully doing so, the plaintiff must then present "a non[-]frivolous assertion that [he or she] is within the class of plaintiffs entitled to recover" under that money-mandating source.  *Jan's Helicopter Serv., Inc. v. Federal Aviation Admin.*, 525 F.3d 1299, 1307 (Fed. Cir. 2008).

Neither the regulation to which Mr. Stevens cites, 45 C.F.R. § 46.116, nor the notice published in the Federal Register, 66 Fed. Reg. 18938-02, constitutes a money-mandating source of law.  The regulation establishes the Department of Health and Human Services' "Policy for Protection of Human Research Subjects" and prescribes general requirements for gaining informed consent from a research subject.  It does not mandate the payment of money.  *See* 45 C.F.R. § 46.116.  The notice, published by the Agency for Healthcare Research and Quality, Department of Health and Human Services, proposes guidance for the disclosure of records and

3

information to congressional committees and offices.  *See* 66 Fed. Reg. 18938-02.  It does not mandate the payment of money by the United States.  Because neither of these policy guides are money-mandating sources of law, they do not give this court jurisdiction under the Tucker Act to hear Mr. Stevens' claims.

### B.  Alleged Contract

Under the Tucker Act, this court also has jurisdiction over claims based "upon any express or implied contract with the United States."  28 U.S.C. § 1491(a)(1). The Tucker Act nonetheless does not enable the court to adjudicate claims against the United States "based on contracts implied in law."  *Mitchell*, 463 U.S. at 218 (citing *Merritt v. United States,* 267 U.S. 338, 341 (1925)).  Consequently, to be enforceable in this court, contracts must either be in writing or be implied-in-fact.  In either case, to have a valid contract with the federal government, a claiming plaintiff must demonstrate "'mutual intent to contract[,] including an offer and acceptance, consideration, and a [g]overnment representative who had actual authority to bind the [g]overnment.'"  *California Fed. Bank, FSB v. United States,* 245 F.3d 1342, 1346 (Fed. Cir. 2001) (quoting *Massie v. United States,* 166 F.3d 1184, 1188 (Fed. Cir. 1999)); *see also Aboo v. United States*, 86 Fed. Cl. 618, 626 (2009), *aff'd*, 347 F. App'x 581 (Fed. Cir. 2009); *American Fed. Bank, FSB v. United States,* 62 Fed. Cl. 185, 194 (2004).  For Mr. Stevens to recover on a breach of contract claim, he "must demonstrate . . . the existence of a valid contract, a duty arising out of the contract, a breach of that duty, and damages caused by the breach." *Cooley v. United States,* 76 Fed. Cl. 549, 555–56 (2007) (citing *San Carlos Irr. & Drainage Dist. v. United States,* 877 F.2d 957, 959 (Fed. Cir. 1989)); *see also Aboo*, 86 Fed. Cl. at 626.

Mr. Stevens has asserted that he entered into a "fraudulent contract" with the government that purportedly made him a party to government research involving implantation of a transceiver to which he did not consent.  Pl.'s Resp. to Def.'s Mot. to Dismiss Compl. ("Pl.'s Opp'n") at 10.  His allegations do not demonstrate a mutual intent to contract.  They make no mention of an offer, acceptance, or consideration.  Nor do they identify a government representative who had actual authority to bind the government to a contract.  Thus, Mr. Stevens has failed to demonstrate the existence of a valid contract over which this court has jurisdiction.

Furthermore, this court does not possess jurisdiction over any kind of tort claim, including claims "framed under non-tort law" where "the essence of the claim lies in tort." *Cottrell v. United States*, 42 Fed. Cl. 144, 149 (1998); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997); *Burtt v. United States*, 176 Ct. Cl. 310, 313-14 (Ct. Cl. 1966) (noting the rule that "a party cannot bring a tortious claim within [the Court of Federal Claims'] jurisdiction by framing it in implied contract").  The government correctly characterizes Mr. Stevens' breach-of-contract claim as concerning "demands for relief for an unconsented medical procedure . . . [which] sound in tort."  Def.'s Reply at 4.  Because tort claims are expressly excluded from this court's jurisdiction, and because Mr. Stevens has not presented a

viable contract claim or a claim founded on a money-mandating source of law, this court does not have jurisdiction over his complaint.[4]

## CONCLUSION

For the reasons stated, the government's motion to dismiss is GRANTED pursuant to RCFC 12(b)(1). This court does not have subject matter jurisdiction over Mr. Stevens' claims. The clerk shall enter judgment in accord with this decision.

No costs.

It is so **ORDERED**.

_____
Charles F. Lettow
Judge

---

[4]Even if jurisdiction was properly invoked under the Tucker Act, the six-year statute of limitations prescribed by 28 U.S.C. § 2501 would operate as a jurisdictional bar. The events underlying Mr. Stevens' claim occurred in 1994, *see* Compl. at 1, meaning that the claim expired in 2000. Mr. Stevens argues that the statute of limitations should be tolled in this instance because he was unaware of the presence of the transceiver until 1999 and the injury was "inherently unknowable." Pl.'s Opp'n at 11, 13. In limited circumstances, the statute of limitations may be tolled if the "defendant has concealed its acts with the result that plaintiff was unaware of their existence or . . . [the plaintiff's] injury was 'inherently unknowable' at the accrual date." *Japanese War Notes Claimants Ass'n of Philippines, Inc. v. United States*, 373 F.2d 356, 359 (Ct. Cl. 1967). Mr. Stevens has acknowledged that he was aware of his injuries as early as 1999. *See* Pl.'s Opp'n at 11. At the latest, then, the statute of limitations began running in 1999, and Mr. Stevens' claim expired in 2005.

5