# In the United States Court of Federal Claims

No. 12-567C

(Filed January 22, 2013)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| **ISAAC A. POTTER, JR.,** * | Tucker Act, 28 U.S.C. § 1491; |
| * | *pro se* filings |
| Plaintiff, * | |
| * | |
| v. * | |
| * | |
| **THE UNITED STATES,** * | |
| * | |
| Defendant. * | |
| * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER OF DISMISSAL

On September 4, 2012, Plaintiff, acting *pro se*, filed a Complaint and Petition for Injunction.[1] The Government has moved for dismissal on the grounds that this Court lacks subject matter jurisdiction over Plaintiff's claims or, in the alternative, that Plaintiff has failed to state a claim upon which relief can be granted. Plaintiff has filed a document entitled "Petition for Declaratory Judgment (FRCP 57), Motion for Default Judgment (FRCP 55), Opposition to Defendant's Motion to Dismiss." The Government's response and reply brief was filed on December 17, 2012. On January 4, 2012, the Court received – via Government counsel – a final filing from Plaintiff (his "reply") in this matter.

Plaintiff's filings are comprised almost exclusively of various legal documents or Plaintiff's legal conclusions, with very little in the way of supporting factual allegations. As best this Court can discern, Plaintiff's Complaint is rooted in a landlord/tenant dispute. It appears that Plaintiff complains that his landlord breached his rental contract by serving him with a notice of non-renewal and terminating his lease with Pointe Vista Apartments ("the Apartment") on August 31, 2012. It appears that Plaintiff instituted state court proceedings in response to this termination and those proceedings were dismissed on oral motion at the pretrial conference. Plaintiff is unhappy with the

---

[1] On October 20, 2012, Plaintiff emailed counsel for the Government an "amended complaint and petition for injunction," which the Government has attached as an exhibit to its motion. In reaching the conclusions contained herein, the Court has considered both Plaintiff's Complaint as-filed and the "amended complaint" he sent to the Government's counsel.

outcome of those proceedings and, reading the Complaint broadly, it seems that Plaintiff seeks judicial review.[2]

All told, Potter expressly asserts the following causes of action: breach of contract; fraud or misprision; and breach of fiduciary duty. These causes of action are all directed against the Apartment, members of the Florida judiciary, or individuals associated with one of those two entities. As noted above, Plaintiff's filings can also be construed as requesting that this Court review the decisions of the Florida state court. Based on the asserted causes of action, it appears that Plaintiff has filed – either as part of his Complaint, his amended complaint, or his briefing on the Government's pending motion – the following, among others: a "Petition for Injunction"; a "Petition for Declaratory Judgment"; a "Motion for Default Judgment"; and a "Writ of Prohibition." Naturally, the Court's power to hear and consider all of these issues is dependent upon the Court's findings as to its jurisdiction over the various causes of action asserted.

## I.      Standard of Review

Parties acting *pro se* are generally held to "less stringent standards" than professional lawyers. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"); *Forshey v. Principi*, 284 F.3d 1335, 1357 (Fed. Cir. 2002) ("[T]he pleadings of *pro se* litigants should be held to a lesser standard than those drafted by professional lawyers….").

However, "[w]hile a court should be receptive to *pro se* plaintiffs and assist them, justice is ill-served when a jurist crosses the line from finder of fact to advocate." *Demes v. United States*, 52 Fed. Cl. 365, 369 (2002). Moreover, "the leniency afforded to a *pro se* litigant with respect to mere formalities does not relieve the burden to meet jurisdictional requirements." *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007) (citing *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)).

## II.      The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Complaint

Whether a court has jurisdiction is a threshold matter in every case. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94-95 (1998). Although *pro se* pleadings are held to a less stringent standard, *Haines*, 404 U.S. at 520, "a court may *not* similarly take a liberal view of … jurisdictional requirement[s] and set a different rule for *pro se* litigants only." *Kelley*, 812 F.3d at 1380 (emphasis added).

The Tucker Act, 28 U.S.C. § 1491 (2006), defines this Court's jurisdiction. While the Tucker Act confers jurisdiction on this Court, it also limits the Court's

---

[2] The files submitted by the Government as part of Plaintiff's most recent filing also indicate that he has instituted a new suit in the Circuit Court of the Nineteenth Judicial Circuit, in Orange County, Florida. This suit names a number of the same parties that appear throughout Plaintiff's filings.

jurisdiction to monetary claims "*against the United States* founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract *with the United States*, or for liquidated or unliquidated damages in cases not sounding in tort." *Id.* at § 1491(a)(1) (emphases added). The Tucker Act itself is only a jurisdictional statute that does not create any independent substantive rights enforceable against the United States for money damages. *See*, *e.g.*, *United States v. Mitchell*, 463 U.S. 206, 216 (1983); *United States v. Testan*, 424 U.S. 392, 398 (1976) ("[T]he [Tucker] Act merely confers jurisdiction upon [this Court] whenever the substantive right exists."). Thus, a plaintiff's claim must be for money damages based on a "money-mandating" source of substantive law. *See Jan's Helicopter Serv., Inc. v. FAA*, 525 F.3d 1299, 1309 (Fed. Cir. 2008). If it is not based on a "money-mandating" source of substantive law, a plaintiff's claim lies beyond this Court's jurisdiction. *Metz v. United States*, 466 F.3d 991, 997 (Fed. Cir. 2006).

A motion to dismiss for lack of subject matter jurisdiction is governed by Rule 12(b)(1) of the Rules of the Court of Federal Claims ("RCFC"). In deciding whether to dismiss a matter pursuant to RCFC 12(b)(1), the Court is "obligated to assume all factual allegations to be true and to draw all reasonable inferences in [the] plaintiff's favor." *Heinke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

Even accepting as true all of Plaintiff's factual allegations and drawing all reasonable inferences in his favor, the Court is still compelled to find that Plaintiff has failed to present a claim within the Court's jurisdiction. The Court has considered all of Plaintiff's filings and finds that, when read in the context of his three asserted causes of action, there are two general bases upon which Plaintiff may be asserting jurisdiction: (1) an alleged relationship between the Government and the Apartment, which appears to be related to Plaintiff's breach of contract cause; and (2) an alleged violation of Plaintiff's constitutional rights, which appears to be related to his fraud and fiduciary duty causes of action.

As to the first, Plaintiff claims that the Government and the Apartment engaged in a "joint enterprise" or undertook a "symbiotic relationship." The only justification that could explain this assertion is that the Government allegedly subsidized Plaintiff's lease through federal housing funds or via the federal Housing Tax Credit Program, both of which are referred to in provisions of the lease agreement. It seems that Plaintiff is attempting to state a cause of action against the Government, through its relationship with the Apartment, for actions taken by the Apartment.

The Government correctly argues that the alleged "symbiotic relationship" is insufficient to satisfy this Court's jurisdictional requirements. "To have standing to sue the sovereign on a contract claim, a plaintiff must be in privity of contract with the United States." *Anderson v. United States*, 344 F.3d 1343, 1351 (Fed. Cir. 2003) (citing *Erickson Air Crane Co. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984) ("The government consents to be sued only by those with whom it has privity of contract….")). The lease expressly states that it is an agreement between the Apartment and Plaintiff. *See* A53-54, A58-59. Plaintiff's allegations of a "symbiotic relationship" do not

3

overcome the fact that he is not in privity of contract with the Government, such that this Court does not have jurisdiction over a claim arising under this theory.

As to the second jurisdictional base, the Court reads Plaintiff's briefs and Complaint as claiming a violation of his rights under the Fifth and Fourteenth Amendments, evidently because he was denied due process or equal protection when his state case was dismissed without allowing him sufficient opportunity to oppose the motion to dismiss.[3] Relatedly, it appears that Plaintiff maintains that the state court proceedings give rise to fraud or breach of fiduciary duty claims. Although the Court is uncertain, it seems that Plaintiff's fraud and fiduciary duty causes of action, his constitutional arguments, and his request for judicial review are all related to alleged deficiencies with the state court proceedings. This Court, like all lower federal courts, lacks authority to review a state court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order.

In addition, the Government argues that *LeBlanc v. United States*, 50 F.3d 1025 (Fed. Cir. 1995), is applicable. There, the Federal Circuit held that this Court lacks jurisdiction over "violations under the Due Process Clauses of the Fifth and Fourteenth Amendments … because they do not mandate payment of money by the government." Reply at 3 (citing *LeBlanc*, 50 F.3d at 1029). The Court agrees that *LeBlanc* applies here, such that it also lacks jurisdiction over Plaintiff's tenuous constitutional claims on this basis.

## III.    Transfer to a Federal District Court is Inappropriate

Although Plaintiff has not specifically requested a transfer of this case to a district court, the Court considers the possibility because Plaintiff is acting *pro se*. When a given federal court lacks jurisdiction over the subject matter of a given Complaint, 28 U.S.C. § 1631 provides that court with limited power to consider transfer of the matter to a court which would possess the requisite jurisdiction. Specifically, § 1631 provides that, when a court finds that it lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed…" Section 1631, through 28 U.S.C. § 610, provides that this Court may transfer the case to another federal court. *See* 28 U.S.C. § 610 (defining "courts" as used in § 1631).

This Court concludes that transfer would not be in the interests of justice. To this Court's reading, if Plaintiff has any viable claims, they arise under state law and are restricted to citizens of Florida only. As pled, such claims do not give rise to federal jurisdiction. It appears that a Florida state court would be the most appropriate venue, if

---

[3] Plaintiff's filings somewhat contradict his argument that he has not had his day in court: one of the files he submitted is a document entitled "Order Granting Defendant's *Ore Tenus* Motion to Dismiss." A 27. That document states that the Court "heard argument and considered the motion," and then granted the motion to dismiss. *Id.* The document does not make clear the grounds for dismissal.

4

any, for Plaintiff to pursue this action, and his most recent filings indicate that he is again attempting to pursue his claims there. *See* Docket No. 10 at A 11-12 (default and motion for default, signed by Plaintiff and dated December 8, 2012). Given the apparent futility of transfer to another federal court, the Court declines to transfer this action.

**IV.    Conclusion**

For the reasons stated above, the Court finds that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction. The Clerk of Court is accordingly directed to dismiss Plaintiff's Complaint without prejudice.

/s Edward J. Damich
EDWARD J. DAMICH
Judge