ORIGINAL

# In The United States Court of Federal Claims

No. 14-362 C

**This Opinion Will Not Be Published in the U.S. Court of Federal Claims Reporter Because It Does Not Add Significantly to the Body of Law.**

(Filed: May 8, 2014)

FILED

MAY 8 2014

U.S. COURT OF
FEDERAL CLAIMS

JARVIS SIM WOLFE,

      Plaintiff,

    v.

THE UNITED STATES,

      Defendant.

## OPINION and ORDER

On April 24, 2014, plaintiff, Jarvis Sim Wolfe, filed a complaint in which he asked this court to review a complaint that plaintiff allegedly has pending before the Mississippi Commission of Judicial Performance. The latter complaint appears to address various matters involving the handling of plaintiff's criminal case by the Mississippi state courts. No further relief is requested.

This court is solemnly obliged, on its own accord, to address obvious questions concerning its subject matter jurisdiction. *See Mitchell v. Maurer*, 293 U.S. 237, 244 (1934). This court recognizes that plaintiff is acting *pro se* before this court, and thus the court will hold the form of plaintiff's submissions to a less stringent standard than those drafted by an attorney. *See Reed v. United States*, 23 Cl. Ct. 517, 521 (1991) (citing *Estelle v. Gamble*, 429 U.S. 97 (1976)). Having reviewed plaintiff's complaint, this court is certain that it lacks jurisdiction to consider the claim that plaintiff raises.

With very limited exceptions, the jurisdictional statutes governing the United States Court of Federal Claims grant authority to the court only to issue judgments for money against the United States and then, only when they are grounded in a contract, a money-mandating statute, or the takings clause of the Fifth Amendment. *See United States v. Testan*, 424 U.S. 392, 397-98 (1976); 28 U.S.C. § 1491. This court lacks jurisdiction to entertain general civil rights claims that are not based upon an appropriate money-mandating provision. *See, e.g., Sanders v. United States*, 34 Fed. Cl. 75, 80 (1995), *aff'd*, 104 F.3d 376 (Fed. Cir. 1996), *cert. denied*, 522 U.S. 831

(1997); *Martinez v. United States*, 26 Cl. Ct. 1471, 1476 (1992), *aff'd*, 11 F.3d 1069 (Fed. Cir. 1993). It also does not have jurisdiction to review decisions rendered by state courts. *See Potter v. United States*, 108 Fed. Cl. 544, 547-48 (2013); *Hernandez v. United States*, 96 Fed. Cl. 195, 203 (2010). Nor does it otherwise hear claims involving state officials. *See* 28 U.S.C. §1491; *Shewfelt v. United States*, 104 F.3d 1333, 1337-38 (Fed. Cir. 1997); *Harrison v. United States*, 2014 WL 1006181, at *1 (Fed. Cl. March 12, 2014).

Accordingly, the Clerk shall dismiss plaintiff's complaint for lack of jurisdiction.

**IT IS SO ORDERED.**

Francis M. Allegra
Judge