# In the United States Court of Federal Claims

No. 19-87C
(Filed: January 23, 2019)

|  |  |  |
|---|---|---|
| MARJORIE SMITH, | ) | *Pro se*; *Sua Sponte* Dismissal; Lack of Subject Matter Jurisdiction. |
| *Pro Se* Plaintiff, | ) |  |
| v. | ) |  |
| THE UNITED STATES, | ) |  |
| Defendant. | ) |  |

## ORDER OF DISMISSAL FOR LACK OF JURISDICTION

Marjorie Smith (the "plaintiff"), proceeding *pro se*, filed the instant complaint on January 5, 2019 against the United States (the "government") challenging an apparent foreclosure of the plaintiff's property. In her complaint, the plaintiff seeks a declaratory judgment, injunctive relief, and a restraining order to void a power of sale clause. Although her complaint is not very clear, the court reads the plaintiff's complaint as an attempt to collaterally attack a state court judgment to foreclose on plaintiff's property. The plaintiff appears to have brought her claim in this court on the grounds that her underlying mortgage is related to a federal "tax" and thus, only a federal court can take action against her property. For the forgoing reasons, the court concludes that it does not

have jurisdiction over the plaintiff's claim, and therefore, under Rule 12(h)(3)[1] of the Rules of the United States Court of Federal Claims ("RCFC"), the plaintiff's complaint is **DISMISSED**.

The Tucker Act grants this court "jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States[.]" 28 U.S.C. § 1491(a)(1). However, because the Tucker Act "does not create any substantive right enforceable against the United States for money damages," a plaintiff must also rely on a relevant money-mandating statute, regulation, or provision of the Constitution to establish jurisdiction. *United States v. Testan*, 424 U.S. 392, 398 (1976).

The court must "'satisfy itself that it has jurisdiction to hear and decide a case before proceeding to the merits.'" *Hardie v. United States*, 367 F.3d 1288, 1290 (Fed. Cir. 2004) (quoting *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1242 (Fed. Cir. 2002)). In addressing whether the court has subject matter jurisdiction, the court will "consider the facts alleged in the complaint to be true and correct." *Reynolds v. Army & Air Force Esxch. Serv.*, 846 F.2d 746, 747 (Fed. Cir. 1988) (internal citation omitted). The plaintiff has the burden of proving jurisdiction by a preponderance of the evidence. *Id.* at 748. In determining whether to dismiss a claim for lack of jurisdiction, the court assumes "all factual allegations to be true" and draws "all reasonable inferences in [the]

---

[1] RCFC 12(h)(3) provides "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

2

plaintiff's favor." *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995). In addition, the pleadings of *pro se* plaintiffs will be held "'to less stringent standards than formal pleadings drafted by lawyers.'" *Johnson v. United States*, 411 F. App'x 303, 305 (Fed. Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, the court's leniency will not relieve the burden on a *pro se* plaintiff to meet jurisdictional requirements. *Minehan v. United States*, 75 Fed. Cl. 249, 253 (2007).

Tested by these standards, the court must dismiss the plaintiff's claim for lack of subject matter jurisdiction. First, to the extent that the plaintiff requests this court review or address a decision issued by the Miami Dade County Court in Miami-Dade, Florida, this court has no jurisdiction. "[T]his Court, like all lower federal courts, lacks authority to review a state court's judgment, nor does it have the authority to remedy injuries that are caused by a state court's order." *Potter v. United States*, 108 Fed. Cl. 544, 547-48 (2013). Second, to the extent that the plaintiff alleges that the mortgage on her property was actually a federal tax related issue and thus this court has jurisdiction under 28 U.S.C. § 1346,[2] the court cannot find jurisdiction. This court has refrained from exercising jurisdiction in cases involving mortgage agreements even where the United States Department of Housing and Urban Development is the loan insurer because mortgages are "loan agreements . . . between private parties[.]" *Bafford v. United States*, No. 11-546C, 2012 WL 1197139, at *3 (Fed. Cl., Apr. 5, 2012). Even in cases where the

---

[2] 28 U.S.C. § 1346 provides this court jurisdiction over "[a]ny civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected."

3

plaintiff challenges the validity of a tax lien, the Court of Federal Claims does not have jurisdiction. These claims may be heard only in Federal District Courts or State courts. *See George v. United States*, No. 99-347T, 1999 WL 1211626, at *1 (Fed. Cl., May 28, 1999). Third, to the extent that the plaintiff seeks a temporary restraining order or permanent injunctive relief, this court only has the power to provide equitable relief for bid protests or equitable relief incidental to a claim for money damages. *Landers v. United States*, 39 Fed. Cl. 297, 301 (1997). This court does not have general equitable jurisdiction.

For the reasons stated above, the plaintiff's complaint and her request for temporary injunctive relief must be **DISMISSED** in accordance with RCFC 12(h)(3) for lack of jurisdiction and her motion for leave to file *in forma pauperis* is **DENIED AS MOOT**. The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

NANCY B. FIRESTONE
Senior Judge