# In the United States Court of Federal Claims

No. 17-495C

(Filed July 3, 2019)

NOT FOR PUBLICATION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
|  |  |
|---|---|
| JODY D. KIMBRELL, | \* |
| Plaintiff, | \* |
| v. | \* |
| THE UNITED STATES, | \* |
| Defendant. | \* |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## ORDER

On April 16, 2019, plaintiff Jody D. Kimbrell filed a motion styled as one to "Leave and Remit Pending Actions in Outside Courts." ECF No. 64. Attached to the motion were copies of numerous documents from two state court cases filed against Ms. Kimbrell---one brought by the Federal National Mortgage Association (Fannie Mae), which Ms. Kimbrell is attempting to reopen, and the other brought by Bank of America. A few weeks later, on May 9, 2019, plaintiff filed a motion with the same title, accompanied by two more recently filed documents from the Fannie Mae case. ECF No. 65. Although it is not entirely clear, it appears that plaintiff is merely seeking leave to file the attached documents. The government did not respond to the first motion, and filed a paper indicating it did not oppose the second motion---which it understood to be a request that judicial notice be taken of the filings in the other cases. ECF No. 66. Accordingly, the two motions are **GRANTED,** and the court will take notice of the attached documents that were filed in the other proceedings.

On May 25, 2019, Ms. Kimbrell filed a motion for leave to supplement the argument in support of her effort to remove the Bank of America case to our court. ECF No. 67. Attached to that motion was a copy of a document plaintiff filed in that state court case, as well as copies of communications between Ms. Kimbrell and counsel she retained for that matter. But, as more fully explained in the order issued on June 24, 2019, Ms. Kimbrell was not allowed to file notices of removal

regarding the two state court cases, as the federal removal statute concerns the removal of cases to U.S. district courts and not to this court. *See* Order (June 24, 2019) at 2, ECF No. 76; 28 U.S.C. §1441(a). Moreover, our court has jurisdiction to hear claims brought *against* the United States under a money-mandating law or contract. 28 U.S.C. § 1491(a); *United States v. Mitchell*, 463 U.S. 206, 216–17 (1983); *Smith v. United States*, 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("To be cognizable under the Tucker Act, the claim must be for money damages against the United States, and the substantive law must be money-mandating."). A case brought against plaintiff by another private party does not come within our jurisdiction. As removal of the state case was not proper, Ms. Kimbrell's request to supplement her argument in favor of removal, ECF No. 67, is hereby **DENIED** as moot.[†]

On June 4, 2019, Ms. Kimbrell applied for a temporary restraining order, under Rule 65(b) of the Rules of the United States Court of Federal Claims, to prevent the Bank of America case from proceeding in the Circuit Court of the Tenth Judicial Circuit, in Peoria, Illinois. ECF No. 70. The basis for this motion is Ms. Kimbrell's mistaken belief that Bank of America's case against her has been removed to this court. As explained above, it has not, and our court lacks jurisdiction to hear disputes between private parties. *See Mora v. United* States, 118 Fed. Cl. 713, 716 (2014). Nor does our court possess the power to order or oversee state courts. *See Potter v. United States*, 108 Fed. Cl. 544, 548 (2013) ("This Court, like all lower federal courts, lacks authority to review a state court's judgments, nor does it have the authority to remedy injuries that are caused by a state court's order."). Accordingly, Ms. Kimbrell's motion is **DENIED**.

**IT IS SO ORDERED.**

_____
**VICTOR J. WOLSKI**
Senior Judge

---

[†] To the extent that Ms. Kimbrell's two motions for leave, ECF Nos. 64 and 65, could be construed as requests to remove the two state cases to this court, they would be denied for these same reasons.